# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DONALD HIGGS,** | Civil Action No. 17-3422 (JLL) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| **THE ATTORNEY GENERAL FOR THE STATE OF NEW JERSEY, et al.,** | |
| Respondents. | |

IT APPEARING THAT:

1. On May 10, 2017, Petitioner, Donald Higgs, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he seeks to challenge his conviction and sentence for carjacking and robbery. (ECF No. 1).

2. Because Petitioner has paid the appropriate filing fee, Rule 4 of the Rules Governing Section 2254 Cases requires the Court to screen Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

3. Pursuant to 28 U.S.C. § 2254(b)(1), habeas relief may not be granted to an individual confined pursuant to an order of the state courts unless the petitioner has "exhausted the remedies available in the courts of the State," there is an absence of process in the state courts, or there are circumstances which render the state process ineffective. A petitioner generally satisfies this exhaustion requirement when he has presented each of his claims to the highest level of the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Tinsley v. Johnson*, No. 10-3365, 2011

1

WL 5869605, at *3 (D.N.J. Nov. 22, 2011); *see also Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015). "Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies." *Tinsley*, 2011 WL 5869605 at *3; *see also* 28 U.S.C. § 2254(c). A New Jersey state prisoner will therefore only have properly exhausted his claims where he has presented all of his claims "to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court." *Barnes*, 2015 WL 1035428 at *1.

4. In his habeas petition, Petitioner states that he was convicted and sentenced in May 2016. (ECF No. 1 at 2). Petitioner further states that he filed a direct appeal of his conviction and sentence with the Appellate Division, but that his appeal remains pending. (*Id.* at 3). Petitioner has thus not yet squarely presented his claims to the Appellate Division or the New Jersey Supreme Court, and it is clear that Petitioner has failed to exhaust any of the claims he now wishes to present to this Court in this petition. As Petitioner has not otherwise shown that process is unavailable or ineffective in the state courts, and indeed suggests to the contrary to the extent he is appealing his sentence, Petitioner's claims are unexhausted, and this Court cannot grant Petitioner relief until such time as his claims are exhausted. *Barnes*, 2015 WL 1035428 at *1-3.

5. Where a District Court is faced with a habeas petition that contains unexhausted claims, the District Court has the following four options: "(1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow [Petitioner] to delete his unexhausted claims [and proceed on any exhausted claims presented in the petition]; and (4) deny the petition if [the District Court] found all of [Petitioner's] unexhausted claims to be meritless under § 2254(b)(2)." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)). As Petitioner has not exhausted any

of his claims and the Court cannot conclusively determine that all of Petitioner's claims are meritless based on the record before the Court, only two options are available to this Court – stay Petitioner's habeas petition until he exhausts his claims in state court, or dismiss his petition without prejudice. *Id.*

6. A district court may only grant a stay of an unexhausted or mixed petition in "limited circumstances." *Rhines*, 544 U.S. at 277. Specifically, the petitioner must have "good cause for his failure to exhaust, his unexhausted claims [must be] potentially meritorious, and there [can be] no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Even where these requirements are met, a stay will generally only be warranted in those cases where a dismissal of the petition without prejudice would result in the petitioner being unable to timely file his habeas petition. *See Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004) (stating that a stay is appropriate "where an outright dismissal could jeopardize the timeliness of a collateral attack"); *Williams v. Walsh*, 411 F. App'x 459, 461 (3d Cir. 2011) ("[w]here the timeliness of a habeas corpus petition is at issue . . . a District Court has discretion to stay" the petition); *Ragland*, 2015 WL 1035428 at *2.

7. In this matter, it is clear that Petitioner has yet to complete his direct appeal, and his one year habeas limitations period has therefore not yet begun to run. *See, e.g., Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015). As such, there is no danger that Petitioner will be unable to timely file his habeas petition if this Court dismisses his petition without prejudice, and a stay is therefore not warranted in this matter. *Rhines*, 544 U.S. at 277; *Williams*, 411 F. App'x at 461. Because a stay is not warranted, only a single option remains – the dismissal of Petitioner's current petition without prejudice as unexhausted. *Mallory*, 563 F.

3

App'x at 215. Petitioner's petition will therefore be dismissed without prejudice as unexhausted. *Id.*

8. Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's habeas claims are unexhausted and that Petitioner's habeas petition should be dismissed without prejudice as a result, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner must be denied a certificate of appealability as to this Court's dismissal of his petition for lack of exhaustion.

9. For the reasons stated above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) shall be DISMISSED WITHOUT PREJUDICE for lack of exhaustion, and Petitioner shall be DENIED a certificate of appealability. An appropriate order follows.

IT IS SO ORDERED.

DATED: May 19th, 2017

Hon. Jose L. Linares,
United States District Judge